UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MKITARYAN, GAIK<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM P. BARR, etc., et al.,<br><br>　　　　　Respondents. | Case No. 5:19-cv-02214-PSG-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

On November 19, 2019, the Court received a "Petition for Writ of Habeas Corpus 28 U.S.C. § 2241" by Mkitaryan, Gaik ("Petitioner") who alleges he is being detained unlawfully by United States Immigration and Customs Enforcement at a facility in Adelanto, California. Dkt. 1 ("Petition" or "Pet."). The Petition was not signed under penalty of perjury and was not supported by payment of the required $5 filing fee or a request to proceed in forma pauperis.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply

the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Habeas petitions must be "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Habeas Rules, Rule 2(b)(5). Habeas Rules 2(c), 4, and 5(b) require a statement of all grounds for relief and the facts supporting each ground; further, the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Here, the Court makes no findings regarding the sufficiency of the allegations in the Petition other than to note that the Petition is not signed under penalty of perjury. As a result, the Petition is insufficient under Rule 2(b)(5) of the Habeas Rules and therefore subject to dismissal.

In addition, Petitioner did not pay the $5 filing fee for a federal habeas petition and alternatively did not file an application to proceed without prepayment of the filing fee as required by 28 U.S.C. § 1915. Absent payment of the filing fee or authorization to proceed in forma pauperis, the action cannot proceed.

\* \* \* \*

Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response <u>by no later than thirty (30) days from the date of this Order</u> which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed for the foregoing deficiencies.

Instead of filing a written response to the matters addressed in this Order, <u>Petitioner may comply with this Order by filing both of the following within thirty (30) days from the date of this Order</u>:

1. A First Amended Petition that complies with 28 U.S.C. § 2241 and the Habeas Rules by, among other things, being signed under penalty of perjury (<u>the Clerk is directed to include a blank copy of the Court's approved Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)</u>; and

2. A properly prepared, signed, and supported Request to Proceed In Forma Pauperis using this Court's approved Form CV-69P, a blank copy of which has already been sent to Petitioner (<u>see</u> Dkt. 2-1).

**The Court warns Petitioner that failure to timely file a compliant response to this Order will result in a recommendation that this action be dismissed without prejudice for the reasons explained above and for failure to prosecute and comply with Court orders.** <u>See</u> Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: November 25, 2019

_____
JOHN D. EARLY
United States Magistrate Judge